IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLOTTE M. TACKER                                              Plaintiff

v.                              3:05CV00069 JFF

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                         Defendant

## ORDER

Defendant has moved to dismiss the complaint as being time barred for failure to commence within 60 days of the notice to Plaintiff of the final decision by the Commissioner of Social Security. Although time has passed, Plaintiff has not responded to Defendant's motion.

The controlling statute, in pertinent part, specifies:

> Any individual, after a final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

42 U.S.C. § 405(g).

"No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided."  42 U.S.C. § 405(h).

This timely filing requirement is a statute of limitations and as such will bar suit unless it is tolled. Bowen v. City of New York, 476 U.S. 467 (1986); Caran v. Bowen, 834 F.2d 720, 721 (8th Cir. 1988).

Defendant has filed the affidavit of an appropriate Social

Security Administration official showing that the complaint was filed outside the allowable time period.  Also attached is a copy of the notice sent to Plaintiff and her attorney[1] after the decision of the Appeals Council.  It specifies the period of time within which a further appeal may be taken.

This is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  Bowen v. City of New York, 476 U.S. at 480.  Indeed, since there are no facts pleaded or issues raised which might toll the statute, this Court is bound to hold that Plaintiff's action was untimely filed and thus barred.  Caran v. Bowen, 834 F.2d at 721.

The Court finds that this action was not timely filed, and it is therefore barred.

Defendant's motion to dismiss (docket #8) is hereby granted.

IT IS SO ORDERED.

DATED this 17th day of October, 2005.

      /s/ John F. Forster, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[1] According to the Administrative Law Judge's opinion, Plaintiff was represented at the administrative hearing by her current attorney.

2